**Mary Jane STANDIFER et vir, Appellants,**

v.

**Mrs. David SCHMIDT et al., Appellees.**

No. 14070.

Court of Civil Appeals of Texas.

San Antonio.

April 3, 1963.

Rehearing Denied May 1, 1963.

Woodgate & Richards, Cecil L. Woodgate, John H. McElhaney, Turner, Rodgers, Winn, Scurlock & Terry, Dallas, for appellants.

M. C. Blackburn, Pierce Stevenson, Junction, for appellees.

MURRAY, Chief Justice.

This is an appeal by Mary Jane Standifer, joined by her husband, O. W. Standifer, from a judgment of the District Court of Kimble County, Texas, placing the care, custody and control of three minor children, Marilyn Schmidt, David R. Schmidt and Carolyn Schmidt, in their father, Harold B. Schmidt, and denying such care, custody and control to Mary Jane Standifer, the natural mother of these children. Harold B. and Mary Jane Schmidt were divorced on November 3, 1958, and at that time the control, care and custody of their three minor children was taken from both of them and given to Harold's mother, Mrs. David Schmidt. The parents of these children have both married since the divorce. The mother, Mary Jane Schmidt, married O. W. Standifer, and the father, Harold Schmidt, married his present wife, Mrs. Elizabeth Schmidt.

This suit was filed on June 26, 1961, by Mr. and Mrs. Standifer, seeking to have the care, custody and control of the three minor children given to them. The trial was before the court without the intervention of a jury and resulted in judgment

awarding the care, custody and control of the children to their father and denying the same to their mother. At the present time, the children are about the following ages, Marilyn eight, David seven, and Carolyn six. O. W. Standifer has one child by a previous marriage, with whom he has visitation rights. Mr. and Mrs. Standifer have a two-year-old girl of their own. Mrs. Elizabeth Schmidt has two children by a previous marriage, who are living with her. The Standifers are better off financially than the Schmidts, and maintain a larger home, where the children could be more comfortable. The evidence shows that both homes, that of the Schmidts and the Standifers, are proper places for the children. The evidence further shows that at the present time Mrs. Standifer, the mother of the children, is a very fine person, and in many ways would make an ideal mother for them. The same thing is more or less true of the Schmidts. However, the evidence shows that at one time Mrs. Standifer was addicted to the use of narcotics, and also that the Standifers are moderate social drinkers and sometimes serve alcoholic beverages in their home, but they are always temperate.

Dr. Lester Keyser, a medical doctor who has been practising medicine since 1937, and who is a specialist in the field of narcotics, testified that he has known Mrs. Standifer since 1953, and was her doctor for a number of years; that while Mrs. Standifer has not used narcotics for two years, he does not regard her as cured, and thinks it would be unwise to award the children to her. There was evidence that the reason Mrs. Standifer was not awarded the custody of her children at the time of the divorce was that she was using narcotics.

The trial judge who saw the witnesses, heard them testify, and observed the parties, awarded the children to their father, and we are unable to say, from the record before us, that in doing so he abused his discretion. Mumma v. Aguirre, Tex., 364 S.W.2d 220.

The judgment is affirmed.